**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLYNTON D. BUTTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 13-CV-0134-CVE-TLW |
| | ) |
| WARDEN McCOLLUM, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears pro se. In response to the petition, Respondent filed a motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 13), along with a supporting brief (Dkt. # 14). Petitioner filed a response (Dkt. # 15) to the motion to dismiss. For the reasons discussed below, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice as time barred.

*BACKGROUND*

The record reflects that at the conclusion of a jury trial, held in Tulsa County District Court, Case No. CF-2007-6067, Petitioner Clynton D. Butts was convicted of one count of Possession of a Stolen Vehicle, and one count of Assault and Battery Upon a Police Officer, both After Former Conviction of Two or More Felonies. See Dkt. # 14-1. In accordance with the jury's recommendation, the trial judge sentenced Petitioner to fifty (50) years imprisonment and eight (8) years imprisonment on the two counts, respectively, and ordered the sentences to be served concurrently. Id. Petitioner was represented at trial by attorney Steven W. Vincent.

Represented by attorney Terry J. Hull, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed March 25, 2010, in Case No. F-2008-1129, the OCCA affirmed the Judgments and Sentences of the trial court. See Dkt. # 14-1. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On December 14, 2010, Petitioner filed a pro se application for post-conviction relief. See Dkt. # 14-2. By order filed January 26, 2011, the state district court denied post-conviction relief. See Dkt. # 14-3. On March 16, 2011, Petitioner filed a motion for appeal out of time. See Dkt. # 14-4. On April 25, 2011, the state district court denied the motion for appeal out of time. See Dkt. # 14-5. Petitioner filed a post-conviction appeal. See Dkt. # 14-6. By order filed August 16, 2011 (Dkt. # 14-7), the OCCA affirmed the denial of Petitioner's request for an appeal out of time.

On October 9, 2012, Petitioner filed an "amended-supplemental application for post-conviction relief." See Dkt. # 14-8. On November 28, 2012, the state district court denied the requested relief. See Dkt. # 14-9. Petitioner appealed to the OCCA. See Dkt. # 14-10. On February 8, 2013, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 14-11.

On February 22, 2013, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma. The case was transferred to this District Court on March 5, 2013. See Dkt. # 6. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 13), arguing that the petition is time barred.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to this case leads to the conclusion that Petitioner filed his habeas petition after expiration of the one-year limitations period. Petitioner's convictions became final on June 23, 2010, after the OCCA concluded direct review on March 25, 2010, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result,

Petitioner's one-year limitations clock began to run on June 24, 2010, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after June 24, 2011, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The limitations period was tolled, or suspended, during the pendency of a 'properly filed" post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). On December 14, 2010, or with 192 days remaining in the one-year limitations period, Petitioner filed his first application for post-conviction relief. On January 26, 2011, the state district court denied the application. Petitioner did not perfect a post-conviction appeal within thirty (30) days of the district court's final order. When a petitioner fails to perfect a timely post-conviction appeal, his one-year limitations period is tolled an additional 30 days, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, Petitioner is entitled to tolling of the limitations period from December 14, 2010, when he filed his application, through February 25, 2011, or 30 days after the district court's ruling, when the time for filing a timely post-conviction appeal expired.

On March 16, 2011, or with 173 days remaining in his limitations period, Petitioner filed his motion for a post-conviction appeal out of time. After the district court denied the requested relief, Petitioner filed a timely appeal. On August 16, 2011, the OCCA affirmed the denial of a post-conviction appeal out of time. As a result, Petitioner had to file his federal petition for writ of habeas corpus within 173 days of the OCCA's ruling, or by February 5, 2012, to be timely.

Petitioner filed his "amended-supplemental application for post-conviction relief" on October 9, 2012, or more than eight (8) months after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed February 22, 2013, is clearly untimely.

In response to the motion to dismiss, see Dkt. # 15, Petitioner first argues that "tolling should be allowed in this case for prison authorities impediments [sic], and failure to provide access to a law library, legal materials, or legal assistance." See Dkt. # 15 at 1. In support of his arguments, Petitioner provides the sworn affidavit of a fellow inmate, Don Edward Seely, who states that Davis Correctional Facility, "was in full lock down statis [sic] from November 17, 2010 until May 27, 2011." See Dkt. # 15 at 4, ¶ 4. Seely states that the lockdown resulted from "current gang activity." Id. at ¶ 1. To the extent Petitioner argues that he is entitled to extend the commencement of his limitations period under the terms of 28 U.S.C. § 2244(d)(1)(B) (providing that the limitations period may begin to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"), the Court rejects the argument. The Supreme Court has recognized that lockdowns routinely cause delays in receiving legal materials, but also ruled that "so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury." Lewis v. Casey, 518 U.S. 343, 362 (1996); see also Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (analyzing lockdown as an impediment under § 2244(d)(1)(B), rather

than under an equitable tolling theory, and concluding a lockdown may be an impediment affecting the date a conviction becomes final, but that petitioner has the burden of showing the lockdown was not "reasonably related to legitimate penological interests"); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998) (holding in 42 U.S.C. § 1983 suit that "[l]imitations may be placed on library access so long as the regulations are 'reasonably related to legitimate penological interests'"). In this case, even if the Court considers Petitioner's lockdown argument as one claiming an impediment under § 2244(d)(1)(B), Petitioner has not presented any evidence that the lockdown at his facility was not related to legitimate penological interests. See Akins, 204 F.3d at 1090. For that reason, the Court declines to apply 28 U.S.C. § 2244(d)(1)(B) to this case based on the lockdown at Davis Correctional Facility.

Similarly, Petitioner's allegations concerning his limited access to legal materials do not entitle him to application of 28 U.S.C. § 2244(d)(1)(B). The United States Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," Lewis, 518 U.S. at 351, but rather a "right of access to the courts," id. at 350. Cf. Smith v. Shawnee Library Sys., 60 F.3d 317, 323 (7th Cir. 1995) ("There is no 'right to browse' [a prison library]."). In order to establish a violation of the constitutional right of access to the courts, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually "hindered his efforts to pursue a legal claim." Lewis, 518 U.S. at 351. It follows that, to invoke § 2244(d)(1)(B)'s tolling provision to show that an "impediment . . . created by State action in violation of the Constitution . . . prevented" the filing of a timely petition, an inmate must explain how the prison's alleged constitutional deficiencies hindered his efforts to pursue his claim within the prescribed statute of limitations. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (denying relief where

petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished)[1] (same); Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002) (unpublished) (holding petitioner's claim "insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" in a timely manner); cf. United States v. Martinez, 303 F. App'x 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner).

In this case, Petitioner fails to make the necessary showing. Instead, he simply states that prison authorities failed to provide access to a law library, legal materials, or legal assistance. As a result, the Court declines to apply 28 U.S.C. § 2244(d)(1)(B) to this case based on Petitioner's allegation that prison authorities failed to provide access to a law library, legal materials, or legal assistance.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2560, 2562 (2010); Miller, 141 F.3d at 978. Equitable tolling applies only in "rare and exceptional circumstances." Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was

---

[1] This and other unpublished opinions are cited herein for persuasive value. See 10th Cir. R. 32.1(A).

caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

The cases cited by Petitioner in his response to the motion to dismiss do not suggest a basis for equitable tolling in this case. See Dkt. # 15. Further, Petitioner's allegations regarding his facility's lockdown and restricted access to legal materials do not entitle him to equitable tolling. In general, a prison lockdown does not qualify as an extraordinary event justifying equitable tolling. See, e.g., Dill v. Workman, 288 Fed.Appx. 454, 457 (10th Cir. 2008) (unpublished). In this case, the affidavit provided by Petitioner reflects that the lockdown at Davis Correctional Facility ended on May 27, 2011, or more than eight (8) months before his deadline of February 5, 2012. Therefore, the time frame for the facility lockdown recited by Petitioner is unconvincing and does not excuse his failure to file a timely petition. Similarly, Petitioner has failed to provide specific facts supporting his claim that limited access to a law library, legal materials, or legal assistance entitles him to equitable tolling. See Yang, 525 F.3d at 928 ("An inmate bears a strong burden to show specific facts to support his claim of [entitlement to equitable tolling]." (alteration in original and internal quotation marks omitted)).

8

Lastly, Petitioner alleges that because the state courts failed to hold a hearing on his claims, the AEDPA time bar cannot be applied to his case. See Dkt. # 15 at 2. He also claims that because the state courts made an unreasonable determination of the facts, he is entitled to equitable tolling. Id. The cases cited by Petitioner do not support the stated propositions. The Court rejects both of those arguments as having no basis in law. Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. His petition for writ of habeas corpus is time barred.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists

9

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 13) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
3. A certificate of appealability is **denied**.
4. A separate Judgment shall be entered in this matter.

**DATED** this 21st day of January, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE